IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| RUSSELL STAMPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 16-03131-CV-S-RK-SSA |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff Russell Stamper's appeal of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for period of disability, disability insurance benefits, and Supplemental Security Income under Titles II and XVI of the Social Security Act ("Act"). After careful review, the Commissioner's decision will be **AFFIRMED**.

### Standard of Review

The Court's review of the Commissioner's decision is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)); *see also* 42 U.S.C. § 405(g). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [Commissioner's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account evidence that both supports and detracts from the Administrative Law Judge's ("ALJ") findings. *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (quotation marks omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (quoting *Davis*, 239 F.3d at 966). The Court does not

re-weigh the evidence presented to the ALJ. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)). The Court should "defer heavily to the findings and conclusions of the [Commissioner]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

By way of overview, the ALJ determined that Plaintiff suffered from the following severe impairments: obesity; chronic obstructive pulmonary disease ("COPD"); hypertension; obstructive sleep apnea; and degenerative joint disease ("DJD") of the knees. The ALJ also determined that Plaintiff's bipolar disorder and depression were non-severe impairments. The ALJ then found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equals the criteria of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Considering Plaintiff's impairments, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform medium work, but with additional limitations that reduce the capacity for medium work. Based on this RFC, the ALJ found Plaintiff capable of performing past relevant work as a supervisor and contractor, as actually performed. Therefore, Plaintiff was not disabled as defined in the Act from January 1, 2009, through the date of the ALJ's decision.

On appeal, Plaintiff alleges the ALJ erred by (1) failing to properly consider whether Plaintiff could return to his past work at step four, and (2) failing to properly evaluate Plaintiff's mental impairments at step two.

Regarding the first argument, where a composite job is involved, "[s]uch situations will be evaluated according to the particular facts of each individual case," and, in such instances, the services of a vocational expert may be necessary. S.S.R. 82-61. Here, the vocational expert testified that Plaintiff could perform past work as a supervisor and contractor and that she was aware those jobs as performed were composite jobs which also involved bricklaying duties. (Tr. 28, 58-65, 74.) Furthermore, Plaintiff himself reported those bricklaying duties were performed at the light exertional level. (Tr. 191-97.) Thus, contrary to Plaintiff's argument, the ALJ did not err in finding that Plaintiff could perform past relevant work as a supervisor and contractor, as actually performed, at step four.

As for Plaintiff's second argument, if an ALJ finds that a claimant's limitations in the first three categories of mental functioning are "none" or "mild" and the claimant has had no

episodes of decompensation of extended duration, the ALJ will generally find that the mental impairment is not severe. *See* 20 C.F.R. §§ 404.1520a(d)(1) and 416.920a(d)(1). Here, the ALJ noted that the record indicated that Plaintiff had been diagnosed with depression, bipolar disorder, and a history of polysubstance abuse. (Tr. 19, 257-60, 353-61, 363-65, 369-71, 377-80.) Despite these diagnoses, however, the ALJ observed that the objective medical evidence and Plaintiff's limited mental health treatment did not reflect a significant loss of abstraction or intellectual ability, or an inability to learn new information, remember information, interact with verbal and nonverbal communication, control his movements, or control his behavior. (Tr. 20.) Consistent with the ALJ's findings that Plaintiff had only mild limitations in activities of daily living, social functioning, and maintaining concentration, persistence, and pace, along with no episodes of decompensation, was the opinion of Stephen Scher, Ph.D., the State agency psychological consultant who reviewed Plaintiff's file and concluded that the record failed to show that he suffered from a severe mental impairment. (Tr. 20-21, 79-81, 92.) Accordingly, the Court finds no error by the ALJ in evaluating Plaintiff's mental impairments at step two.

## Conclusion

Having carefully reviewed the record and the parties' submissions, for the reasons set forth above, as well as in the Commissioner's brief, the Court concludes that substantial evidence on the record as a whole supports the ALJ's decision.

It is therefore **ORDERED** that the decision of the Commissioner is **AFFIRMED**.

s/ Roseann A. Ketchmark  
ROSEANN A. KETCHMARK, JUDGE  
UNITED STATES DISTRICT COURT

DATED: June 19, 2017